UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ZARYUB MUSA TARIFF BEY; DIANE
BURCHETTE BEY,

                            Plaintiffs,        **ORDER OF SERVICE**

   - against -                                        No. 24-CV-9098 (CS)

WESTCHESTER COUNTY, *et al*.,

                            Defendants.
-------------------------------------------------------------x

CATHY SEIBEL, United States District Judge:

      Plaintiffs, who are appearing *pro se*, bring this action under 42 U.S.C. § 1983, alleging that Defendants violated their federal constitutional rights. (ECF No. 1.) By Order dated January 27, 2025, the Court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees. (ECF No. 8.) That same day, the Court dismissed Plaintiffs' claim against Westchester County Police Headquarters, and directed the Clerk of Court to issue summonses for Westchester County and Westchester County Police Officer Camaj, Badge #1145. (ECF No. 7.) The Clerk issued the summonses, and the U.S. Marshals Service executed service on those Defendants. (ECF Nos. 9, 14, 15.) The Court further directed counsel for Westchester County to ascertain the identity and badge numbers of the John Doe officers who Plaintiffs seek to sue. (ECF No. 7.) Finally, the Court ordered that Plaintiffs file an amended complaint naming the John Doe Defendants within thirty days of receiving this information. (*Id.*)

      On March 25, 2025, counsel for Westchester County provided the names and addresses of four additional potential defendants: Sgt. Niall J. Nerney, Police Officer Brandon A. Day, Police Officer Trevor J. Gonzalez, and Police Officer Richard L. Peluso. (ECF No. 16.) Plaintiffs filed their Amended Complaint on April 22, 2025, naming as Defendants Robert L. Camaj, Niall J.

Nerney, Brandon A. Days, Trevor J. Gonzalez, Richard L. Peluso, "[t]he failed name of the driver who did take the religion plate off the SUV four door brown Murana Nissan," from "County Auto & Commercial Towing Mechanical & Auto Body Repairs" ("John Doe Tow Truck Driver"), County Executive Kenneth Jenkins, and defense counsel John M. Nonna and Sean T. Carey.  (ECF No. 18 ("AC").)

**DISCUSSION**

Plaintiffs fail to state a claim against Defendants Jenkins, Nonna, and Carey, as the AC does not include any facts showing personal involvement in any alleged constitutional violation, as required under 42 U.S.C. § 1983.  *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."); *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[A] plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  Accordingly, the claims against Jenkins, Nonna, and Carey are dismissed.

Similarly, Plaintiffs fail to state a claim against John Doe Tow Truck Driver.  The AC does not plausibly allege any constitutional violation committed by such person, or that such person is or was acting under color of state law, as required under 42 U.S.C. § 1983.  *See Ciambrello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law.").  A towing company can be considered a state actor if it has a contract with a municipality, *see Mercedes-Benz Financial Servs. USA, LLC v. City of N.Y.*, No. 21-CV-3908, 2025 WL 774912, at *5-6 (S.D.N.Y. Mar. 11, 2025); *Santander Consumer USA,*

*Inc. v. City of Yonkers*, No. 22-CV-8870, 2024 WL 4817649, at *5 (S.D.N.Y. Nov. 18, 2024),[1] but there is no such allegation here, and in any event the contract would not be with the individual driver. Should Plaintiffs obtain a basis for alleging a claim against that individual or County Auto & Commercial Towing Mechanical & Auto Body Repairs, Plaintiffs may seek to amend. At this time, the claims against John Doe Tow Truck Driver are dismissed.

Nevertheless, Plaintiffs allege sufficient facts for the Court to order service of the AC on Defendants Nerney, Days, Gonzalez, and Peluso. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshals Service to effect service.[2] *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiffs to effect service on Nerney, Day, Gonzalez, and Peluso, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

---

[1] The Court will send Plaintiffs copies of these unreported decisions.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the AC and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the summons is issued.

If the AC is not served within 90 days after the date summonses are issued, Plaintiffs should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiffs must notify the Court in writing if their address changes, and the Court may dismiss the action if Plaintiffs fail to do so.

## CONCLUSION

The Court dismisses Plaintiffs' claims against John M. Nonna, Sean T. Carey, Kenneth Jenkins, and John Doe Tow Truck Driver, and directs service on Sgt. Niall J. Nerney, Officer Brian A. Day, Officer Trevor J. Gonzalez, and Officer Richard L. Peluso.

The Clerk of Court is instructed to issue summonses for Sgt. Nerney, and Officers Day, Gonzalez, and Peluso, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiffs, together with an information package.

**SO ORDERED.**

Dated: April 24, 2025
      White Plains, New York

                                                                     CATHY SEIBEL, U.S.D.J.

**SERVICE ADDRESS FOR DEFENDANT**

1. Sgt. Niall J. Nerney, #3026
   Westchester County Attorney's Office
   148 Martine Avenue, 6th Floor
   White Plains, NY 10601

2. Police Officer Brandon A. Day, #1105
   Westchester County Attorney's Office
   148 Martine Avenue, 6th Floor
   White Plains, NY 10601

3. Police Officer Trevor J. Gonzalez, #1163
   Westchester County Attorney's Office
   148 Martine Avenue, 6th Floor
   White Plains, NY 10601

4. Police Officer Richard L. Peluso, #1047
   Westchester County Attorney's Office
   148 Martine Avenue, 6th Floor
   White Plains, NY 10601